## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

MARSHALL EDWARDS and )
ALICE EDWARDS )
 )
      v. )     **Case No. 3:24-cv-00831**
 )
WILSON COUNTY GOVERNMENT *et al.* )

TO: **Honorable Aleta Trauger, United States District Judge**

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered January 3, 2025 (Docket Entry No. 44), this *pro se* and *in forma pauperis* civil case was referred to the Magistrate Judge for pretrial proceedings.

For the reasons set out below, the undersigned respectfully recommends that Plaintiffs' motion for class certification (Docket Entry No. 3) and petition for a writ of mandamus (Docket Entry No. 4) be **DENIED**.

## I.   BACKGROUND

Marshall and Alice Edwards ("Plaintiffs") are residents of Atlanta, Georgia. They filed this *pro se* and *in forma pauperis* lawsuit on July 9, 2024, against the Wilson County Government, the Wilson County Court, the City of Lebanon Police Department, the Wilson County Board of Commissioners, the Wilson County Judicial District, the Wilson County Human Resources Department, Wilson County Judge Michael Collins, Brown & Brown Insurance Brokers, William Brown, and Fresh Co. Foods, LLC. (Docket Entry No. 1.)

Plaintiffs were injured by auto accident that occurred in Wilson County, Tennessee, on August 25, 2022, when their car was hit by a semi-truck driven by Defendant Brown. (*Id.* at 5.)

Plaintiffs allege that the police officer who was dispatched to the scene of the accident from the City of Lebanon Police Department, Officer Andy Byrnes, allowed Brown to leave the scene of the accident without issuing him a citation for outdated insurance despite "clear evidence that Brown lacked proper insurance coverage for the commercial vehicle." (*Id*. at 6.) Plaintiffs further allege that Brown's employer, Defendant Fresh Foods, LLC, and its insurance brokers provided Plaintiffs with three fraudulent and misleading insurance certificates related to insurance coverage on the semi-truck. (*Id.* at 7.) Plaintiffs thereafter filed a lawsuit in the Wilson County Court for claims arising out of the accident. They allege that their lawsuit was dismissed by Wilson County Judge Michael Collins despite "compelling evidence of negligence, fraud, and misconduct by Defendants." (*Id*. at 8.)[1]  Plaintiffs assert that they were mistreated by Collins and that the dismissal was "a miscarriage of justice fueled by racial animus and a failure to uphold the principles of due process and equal protection under the law." (*Id*. at 9.)

In the instant lawsuit, Plaintiffs contend that their federal constitutional rights were violated by Officer Byrnes' conduct at the scene of the accident and by Judge Collins during the proceedings in their state court lawsuit. They further contend that the Wilson County governmental entities named as defendants have engaged in systemic discrimination, nepotism, favoritism, and misconduct that caused or contributed to the violations of their rights and their mistreatment and that permitted Officer Byrnes and Judge Collins to be hired and employed in

---

[1] In their complaint, Plaintiffs offer few specifics about the state court proceeding. However, it appears from filings related to their request for mandamus relief that: (1) they initiated the state lawsuit on January 18, 2024, in Williamson County, Tennessee and that the lawsuit was thereafter transferred to Wilson County, Tennessee; (2) the lawsuit was dismissed after a hearing before Judge Collins on May 13, 2024; and, (3) a hearing for reconsideration of the dismissal was set for July 8, 2024. (Docket Entry No. 4-1 at 9-12.)  It unknown whether a final judgment has been entered in the state lawsuit and, if so, whether Plaintiffs have pursued an appeal from the dismissal of the lawsuit.

their respective jobs. Plaintiffs finally allege that Defendants Brown and Fresh Foods engaged in negligence, fraud, conspiracy to defraud, and violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962 *et seq.*

Seeking various forms of relief in the instant lawsuit, Plaintiffs state:

This action seeks to remedy egregious violations of Plaintiffs' constitutional and civil rights, as well as address systemic discrimination, elder abuse, fraud, and negligence perpetrated by Defendants. As senior Black American citizens, Plaintiffs have been denied due process, equal protection under the law, and their fundamental human dignity through a coordinated series of unlawful acts by government entities and private actors in Wilson County Tennessee.

(*Id.* at 2.) Plaintiffs assert that federal jurisdiction exists under 28 U.S.C. §§ 1331 and 1343, as well as supplemental jurisdiction over their state law claims under 28 U.S.C. § 1367.[2] The two pending motions at issue were filed in conjunction with Plaintiffs' complaint.

Because of deficiencies with Plaintiffs' applications to proceed *in forma pauperis*, they were not granted *in forma pauperis* status until the January 3, 2025 order of referral. Despite the absence of a summons issued by the Clerk, Plaintiffs apparently served Defendants with a copy of their complaint, and motions to dismiss have been filed by Defendant City of Lebanon Police Department (Docket Entry No. 13) and Defendants Wilson County Government, Wilson County Court, Wilson County Board of Commissioners, Wilson County Judicial District, and Wilson County Human Resource Department (Docket Entry No. 20). Defendant Brown &

---

[2] The instant lawsuit is the third federal lawsuit filed by the Edwards based on the August 25, 2022, accident. On November 17, 2022, Mr. Edwards filed a lawsuit in the Eastern District of Tennessee against Fresh Foods, claiming negligence. *Edwards v. Fresh Food, LLC*, Case No.1:22-cv-00285-TRM-CHS (McDonough, J.). That lawsuit was dismissed without prejudice on December 14, 2022, for improper venue. Mr. and Mrs. Edwards then brought a negligence lawsuit in this Court against Fresh Foods, LLC, Johnny Harris, Penske Truck Leasing Co., L.P., and Roger S. Penske. *Edwards v. Fresh foods, LLC, et al.*, Case No. 3:23-cv-00049 (Richardson, J.). That lawsuit was dismissed without prejudice on April 12, 2023, for failure to show that diversity subject matter jurisdiction existed and for want of prosecution.

3

Brown Insurance Brokers was dismissed from the case with prejudice upon agreed order entered November 4, 2024. (Docket Entry No. 34.)   The remaining three Defendants – Judge Michael Collins, William Brown, and Fresh Co. Foods, LLC – have not appeared in the case.

## II.   LEGAL STANDARDS AND ANALYSIS

Although not all Defendants are yet in the case, the Court finds it appropriate to address Plaintiffs' early filed and pending motions for class certification and for a writ of mandamus without further delay.

### A. Motion for Class Certification (Docket Entry No. 3)

By their motion for class certification (Docket Entry No. 3), Plaintiffs seek an order that certifies their lawsuit as a class action under Rule 23 of the Federal Rules of Civil Procedure and appoints them as the class representatives for a class of plaintiffs consisting of:

All individuals who, within the applicable statute of limitations period, were:

a) Provided with fraudulent or misleading insurance documentation by Defendants Brown & Brown Insurance Brokers, Fresh Co. Foods, LLC, or their agents;

b) Subjected to discriminatory practices or denial of due process by Defendants Wilson County Court, Judge Michael Collins, City of Lebanon Police Department, Wilson County Government, Wilson County Board of Commissioners, Wilson County Judicial District, or Wilson County Human Resources Department; or

c) Harmed as a result of negligent hiring, retention, or supervision practices by any of the Defendants.

(Docket No. 3 at 2-3.)

This motion must be denied for the significant and conclusive reason that Plaintiffs are proceeding *pro se* without representation by counsel.   Under Rule 23(a), one of the four prerequisites that must be satisfied for any class to be certified is that the representative party

4

must be able to fairly and adequately protect the interests of the class. *Stout v. J.D. Byrider*, 228 F.3d 709, 716-17 (6th Cir. 2000). The established law within this Circuit is that a *pro se* party is not a proper representatives of a class. *See e.g. Ziegler v. Michigan*, 90 F.App'x. 810 (6th Cir. January 23, 2004); *Palasty v. Hawk*, 15 F.App'x. 197 (6th Cir. June 20, 2001); *Howard v. Dougan*, 221 F.3d 1334 (Table), 2000 WL 876770 (6th Cir. June 23, 2000); *Hammond v. O'Dea*, 932 F.2d 968 (Table), 1991 WL 78161 (6th Cir. May 14, 1991); Hobson v. Esper, No. 3:20-cv-00076, 2020 WL 4035399 at *2 (M.D. Tenn. July 17, 2020) (Campbell, J.); *Dundee v. Univ. Hosps. Corp*, Case No. 1:19-cv-01141, 2020 WL 511520 at *1 (N.D. Ohio Jan. 31, 2020); *Mustric v. Huntington Nat'l Bank*, Case No. 2:18-cv-1279, 2019 WL 1472095 at *2 (S.D. Ohio Apr. 3, 2019); *Myers v. Transcor Am., LLC*, No. 3:08-cv-0295, 2009 WL 793752 at *1 (M.D. Tenn. Mar. 23, 2009) (Trauger, J.); *Powers v. NWA, Inc*., No. 05-2468-B/P, 2006 WL 984738 at *2 (W.D. Tenn. Apr. 13, 2006); *Collins v. Kentucky*, No. 04-CV-66-JMH, 2004 WL 3623342 at *1 (E.D. Ky. Oct. 22, 2004). Additionally, Plaintiffs, as *pro se* parties, may proceed without counsel in this lawsuit but as an unlicensed lay persons cannot represent anyone other than themselves, including as class representatives. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such court, respectively, are permitted and conduct causes therein."). *See also Freeman v. Southern Health Partners*, No. 3:12-cv-990, 2012 WL 4903376 at *2 (M.D. Tenn. Oct. 16, 2012) (Sharp, J.) (pro se plaintiff has no standing to bring a class action on behalf of others, because "28 U.S.C. § 1654 does not allow for an unlicensed layman to represent anyone other than himself") (internal citations omitted); *Powers*, *supra* (same).

5

**B. Petition for a Writ of Mandamus (Docket Entry No. 4)**

Plaintiffs' petition for a writ of mandamus (Docket Entry No. 4) should be denied as both procedurally flawed and substantively meritless. As a procedural matter, Plaintiffs present contradictory and confusing filings. The docketed petition is directed at the "United States District Court for the Middle District of Tennessee, Wilson County Division." (*Id*. at 5.) However, there is not a "Wilson County Division" within the United States District Court for the Middle District of Tennessee. *See* 28 U.S.C. § 123(b). Additionally, the attachment to the petition appears to be a different petition and is directed at the "Wilson County Court." (Docket Entry No. 4-1.) Further confusing matters is the "declaration" filed in support of Plaintiffs' request for mandamus relief. (Docket Entry No. 5). In this declaration, Plaintiffs refer to "the Petition for Writ of Mandate" (*id*. at 2), which suggests that only a single petition for mandamus relief is at issue, but also state that they request that the mandamus order be directed at "Defendants" (*id*. at 5), which suggests that they seek an order against the nine Defendants collectively.

For this reason alone, denial of the petition for mandamus relief is warranted. While the Court recognizes Plaintiffs' filings must be viewed with a certain measure of leniency because they are proceeding *pro se*, this leniency has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A party, even a *pro se* party, who comes to court seeking the extraordinary remedy of the issuance of an order of mandamus is expected to make a request that is clear and precise and does not require the Court to guess or speculate about to whom the requested order is intended to be directed.

More importantly, the request for mandamus relief is also substantively meritless. Before addressing the shortcomings in Plaintiffs' request for a writ of mandamus, the Court

6

clarifies that Federal Rule of Civil Procedure 81(b) formally abolished the writ of mandamus. *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970). However, district courts can issue such writs pursuant to the All Writs Act, 28 U.S.C. § 1651, which provides that "[t]he Supreme Court and all other courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Although Plaintiffs make no reference to the basis for their request for a writ of mandamus, the Court liberally construes their request as seeking relief under Section 1651.

Nonetheless, liberally construing Plaintiffs' filing as linked to the proper statutory authority does not save their petition from dismissal. First, to the extent that the actual petition is directed at the "United States District Court for the Middle District of Tennessee, Wilson County Division," there is no such entity. If the petition is meant to be directed to this Court, it is nonsensical to request that a federal court issue a mandamus order against itself. Second, to the extent that the petition is intended to be directed at the "Wilson County Court," a federal court has no authority to issues writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Haggard*, 421 F.2d at 1386; *Hughes v. Martin*, No. 3:22-cv-00332, 2022 WL 1598254, at *2 (M.D. Tenn. May 19, 2022) (Richardson, J.) (federal court lacks subject matter jurisdiction to issue a mandamus writ under Section 1651 based on a challenge to the actions taken by a state court and its judicial officer); *Bordages v. Thorne*, No. 19-cv-02353-JTF-dkv, 2019 WL 8440508, at *3 (W.D. Tenn. Aug. 1, 2019) (quoting *Haggard* for the same proposition and finding the court lacked subject matter jurisdiction over a petition for writ of mandamus asking the court to direct Arkansas authorities to perform their job duties).

7

# R E C O M E N D A T I O N

For the reasons set out above, it is respectfully **RECOMMENDED** that Plaintiffs' motion for class certification (Docket Entry No. 3) be **DENIED** and that Plaintiffs' petition for a writ of mandamus (Docket Entry No. 4) be **DENIED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge