**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

|  |  |  |
|---|---|---|
| **MARSHALL EDWARDS and ALICE EDWARDS,** | ) ) ) | |
| **Plaintiffs,** | ) ) ) | **Case No. 3:24-cv-00831** |
| **v.** | ) ) | **Judge Aleta A. Trauger** |
| **WILSON COUNTY GOVERNMENT** *et al.*, | ) ) ) | |
| **Defendants.** | ) ) | |

## MEMORANDUM

The Magistrate Judge to whom this case has been referred pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1) has issued a Report and Recommendation ("R&R") (Doc. No. 45), recommending that the Motion for Class Certification (Doc. No. 3) and Petition for Writ of Mandamus (Doc. No. 4) filed by plaintiffs Marshall Edwards and Alice Edwards both be denied.

Now before the court are the plaintiffs' Objections to the R&R. (Doc. No. 46.) Defendants Wilson County Government, Wilson County [Circuit] Court,[1] Wilson County Board of Commissioners, Wilson County Judicial District, and Wilson County Human Resource Department (collectively, the "Wilson County defendants") have filed a Response to the plaintiffs' Objections. (Doc. No. 47.) For the reasons set forth herein, the Objections will be overruled. The court will accept the R&R and, consequently, will deny the plaintiffs' Motion for Class Certification and Petition for Writ of Mandamus.

---

[1] Although the plaintiffs do not specify, the Wilson County defendants clarify that the plaintiffs brought their original case in the Wilson County Circuit Court. (Doc. No. 21 at 9.)

# I.     STANDARD OF REVIEW

## A.     Dispositive Matters

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The court is not required to review those aspects of the report and recommendation to which no objection is made and should instead adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Thomas v. Arn*, 474 U.S. 140, 150, 151 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

### B.    Nondispositive Matters

A party may also seek review of an order issued by a magistrate judge concerning any nondispositive pretrial matter. On this review, the district court can "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). That is, the standard governing this court's review of a nondispositive pretrial order is much more limited than the *de novo* standard of review that applies to objections to a magistrate judge's ruling on a dispositive matter. *See Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). Review under this standard "provides considerable deference to the determinations of magistrates." *Bonasera v. Penn. Nat'l Mut. Cas. Ins. Co.*, No. 2:19-CV-3817, 2021 WL 1785618, at *1 (S.D. Ohio May 5, 2021) (quoting *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 550 (S.D. Ohio 2014)) (internal quotation marks omitted).

## II.    BACKGROUND

Plaintiffs Marshall and Alice Edwards are residents of Atlanta, Georgia. They filed this lawsuit *pro se* and *in forma pauperis* on July 9, 2024, naming as defendants the Wilson County defendants identified above, along with the City of Lebanon Police Department, Wilson County Judge Michael Collins, Brown & Brown Insurance Brokers, William Brown, and Fresh Co. Foods, LLC ("Fresh Foods"). (Doc. No. 1.) The plaintiffs' claims arise from an automobile accident that occurred on August 25, 2022 in Wilson County, Tennessee, when their car was hit by a semi-truck driven by defendant William Brown, who was employed by Fresh Foods, causing both plaintiffs serious injuries. (*Id.* at 5, 13.)

The plaintiffs allege that the accident was caused by Brown's negligence and recklessness. (*Id.* at 5.) The police officer who was dispatched to the scene of the accident from the City of Lebanon Police Department, Officer Andy Byrnes, allowed Brown to leave the scene of the accident without issuing him a citation for outdated insurance, despite "clear evidence that Brown lacked proper insurance coverage for the commercial vehicle." (*Id.* at 6.) The plaintiffs allege that Byrnes failed to enforce the law and demonstrated "bias" by "prioritiz[ing] the interests of the commercial entity over the safety and legal rights of individual citizens" and that this was not an isolated incident but "part of a broader, systemic issue within the department" of according leniency to commercial operators at the expense of the well-being of the general public. (*Id.* at 7.)

The plaintiffs further allege that Brown's employer, Fresh Foods, has a "history of safety violations and employs drivers with inadequate training and expired credentials." (*Id.* at 6.) Fresh Foods and its insurance brokers allegedly gave the plaintiffs fraudulent and misleading insurance certificates related to insurance coverage on the semi-truck, thus compounding the plaintiffs' distress and the challenges they confronted in trying to seek compensation for their injuries. (*Id.* at 7.) The plaintiffs allege that these actions, too, "reflect a broader pattern of unethical behavior and gross misconduct." (*Id.*)

The plaintiffs filed suit in the Wilson County Circuit Court, seeking to recover damages for the injuries sustained in the accident, but their lawsuit was dismissed by Wilson County Circuit Judge Michael Collins, despite "compelling evidence of negligence, fraud, and misconduct by Defendants." (*Id.* at 8.) The Complaint contains little additional information about that lawsuit and its current status, but, from the Petition for Writ of Mandamus filed with the Complaint, it appears that the lawsuit was dismissed after a hearing before Judge Collins on May 13, 2024. A hearing for reconsideration of the dismissal was set for July 8, 2024. (*See* Doc. No. 4-1 at 9–12.) Given

the filing of this lawsuit on July 9, 2024, the court presumes that the motion for reconsideration was denied, but the plaintiffs have not indicated whether final judgment was entered or whether they appealed. In any event, the plaintiffs assert that Judge Collins dismissed the case "without proper consideration," ignoring the merits of the case and denying the plaintiffs the right to seek justice. This decision purportedly "exemplified a broader pattern of judicial actions within the Wilson County Court." (*Id.* at 9.) The plaintiffs claim that the Wilson County Circuit Court systematically undermines the legal rights of "vulnerable individuals, particularly elderly African American citizens like the plaintiffs" and that the dismissal of their case was "a miscarriage of justice fueled by racial animus and a failure to uphold the principles of due process and equal protection under the law." (*Id.*) Judge Collins also allegedly deprived them of their right to self-representation. (*Id.* at 11.)

The plaintiffs, without any apparent factual support, assert that Wilson County "and its constituent entities, including the Defendants" have a history of discriminatory employment policies, "permitting a culture of nepotism and favoritism that disproportionately benefits White employees and residents over non-Whites," and that the defendants' actions, apparently including negligent hiring, training and supervision, "through their coordinated misconduct in response to the accident involving Plaintiffs, deprived Plaintiffs of their constitutional rights to due process and equal protection." (*Id.* at 12.)

Seeking various forms of relief in the instant lawsuit, the plaintiffs state:

> This action seeks to remedy egregious violations of Plaintiffs' constitutional and civil rights, as well as address systemic discrimination, elder abuse, fraud, and negligence perpetrated by Defendants. As senior Black American citizens, Plaintiffs have been denied due process, equal protection under the law, and their fundamental human dignity through a coordinated series of unlawful acts by government entities and private actors in Wilson County Tennessee.

(*Id*. at 2.) They assert that the court has federal jurisdiction under 28 U.S.C. §§ 1331 and 1343, as well as supplemental jurisdiction over their state law claims under 28 U.S.C. § 1367.

The Complaint, while short on facts, is long on legal claims. Based on the allegations outlined above, the Complaint purports to state the following causes of action against the various defendants: (1) claims under 42 U.S.C. § 1983 against all defendants for allegedly ongoing violations of the plaintiffs' constitutional rights; (2) violation of the Elder Justice Act, 42 U.S.C. § 1397j *et seq.*, against all defendants; (3) negligence and gross negligence against all defendants; (4) negligent hiring, retention, and supervision against defendants Wilson County and the City of Lebanon; (5) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, against defendants Wilson County Circuit Court, City of Lebanon Police Department, and the "other government entity Defendants" (Doc. No. 1 at 21); (6) fraud and conspiracy to defraud against defendants Fresh Foods and Brown & Brown Insurance Brokers, and "Does 1–20" (*id.* at 22); (7) violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, against Fresh Foods and Brown & Brown Insurance Brokers, and "Does 1–20" (Doc. No. 1 at 22); and (8) violation of the plaintiffs' rights to due process and equal protection by the government entity defendants.

The Complaint, although not styled as a class action, was accompanied by the pending Motion for Class Certification as well as the Petition for Writ of Mandamus.

Although it does not appear that any defendant has been formally served, the plaintiffs apparently delivered a copy of their Complaint to at least some of the defendants. The plaintiffs' claims against Brown & Brown Insurance Brokers have been settled and dismissed pursuant to an Agreed Order (Doc. Nos. 33, 34), and the City of Lebanon (sued as the City of Lebanon Police Department) and the Wilson County Defendants have filed Motions to Dismiss under Rule

12(b)(6) (Doc. Nos. 13, 20.) The remaining three defendants—Judge Michael Collins, William Brown, and Fresh Foods—have not appeared in the case.

On January 3, 2025, after the plaintiffs filed properly supported Applications to Proceed *in Forma Pauperis*, the court granted them leave to proceed without prepayment of the filing fee, directed the Clerk of Court to issue service packets for the remaining defendants, and referred the matter to the Magistrate Judge. (Doc. No. 44.)

The R&R was issued shortly thereafter. The Magistrate Judge expressly recognized therein that "not all Defendants are yet in the case" but nonetheless found it appropriate to address the plaintiffs' pending motions. (Doc. No. 45 at 4.)

## III.    THE MOTION FOR CLASS CERTIFICATION

The Complaint itself is not characterized as a class action complaint and does not, even tangentially, refer to the standards pertaining to class actions. Aside from the plaintiffs' conclusory and unsupported assertions that the wrongs they suffered at the hands of various defendants were not "isolated" incidents but, instead, part of a "broader pattern" or "broader scheme" of "systemic" issues (*see, e.g.*, Doc. No. 1 at 6, 7, 8, 9, 10) requiring "comprehensive reforms" (*id.* at 11), the Complaint contains no factual allegations that would support claims on behalf of a class.

The plaintiffs' Motion for Class Certification nonetheless seeks an order appointing the plaintiffs as class representatives and certifying a class of plaintiffs consisting of:

All individuals who, within the applicable statute of limitations period, were:

a) Provided with fraudulent or misleading insurance documentation by Defendants Brown & Brown Insurance Brokers, Fresh Co. Foods, LLC, or their agents;

b) Subjected to discriminatory practices or denial of due process by Defendants Wilson County Court, Judge Michael Collins, City of Lebanon Police Department, Wilson County Government, Wilson County Board of Commissioners, Wilson County Judicial District, or Wilson County Human Resources Department; or

c) Harmed as a result of negligent hiring, retention, or supervision practices by any of the Defendants.

(Doc. No. 3 at 2–3.)

In support of their motion, the plaintiffs identify and claim to satisfy each of the requirements for pursuing a class action set forth in Rule 23(a) of the Federal Rules of Civil Procedure, including numerosity, commonality, typicality, and adequacy of representation. (*Id.* at 3–5.) Regarding the last requirement, and despite proceeding *pro se*, the plaintiffs assert that they "have retained counsel experienced in complex civil rights litigation and class actions who are prepared to devote the necessary resources to represent the class." (*Id.* at 6.)

The plaintiffs also purport to satisfy the Rule 23(b) requirements of predominance and superiority. (*Id.* at 6–7.) They then request, pursuant to Rule 23(g), that the court "appoint their counsel as class counsel." (*Id.* at 7.) They apparently copied and pasted this language from some unidentified source, because the same paragraph also states: "[Note: As Plaintiffs are currently proceeding *pro se*, they should seek qualified legal representation before pursuing class certification.]" (*Id.* (brackets in original).) As part of the relief sought in this motion, they again ask the court to "[a]ppoint Plaintiffs' counsel as class counsel." (*Id.* at 7.) Their motion does not, however, incorporate a motion or request for the appointment of counsel.

The R&R recommends that the Motion for Class Certification be denied for the simple reason that the plaintiffs are not represented by counsel, and it is well established in this Circuit that a *pro se* party is not a proper class representative. (Doc. No. 45 at 4–5 (citations omitted).)

The plaintiffs object to this conclusion as "[m]isinterpret[ing]" their request and "overlook[ing] established precedents allowing courts to appoint counsel in complex cases involving significant public interest and systemic violations." (Doc. No. 46 at 2.) They seek now

to characterize their Motion for Class Certification as also "explicitly request[ing] that the Court appoint counsel to fairly represent the proposed class." (*Id.* at 3.)

As noted, the plaintiffs' Motion for Class Certification does not incorporate a motion or request for the appointment of counsel.Thus, the Magistrate Judge did not err as a matter of law in denying the plaintiffs' Motion for Class Certification on the basis that the *pro se* plaintiffs are not qualified to act as class representatives. Specifically, while an individual can represent himself personally under 28 U.S.C. § 1654, the statute "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citation omitted). Consequently, as the Magistrate Judge explained, non-attorneys proceeding *pro se* cannot adequately represent a class. (Doc. No 45 at 5 (citing, among other cases, *Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004)).)

The court further finds that, even if the plaintiffs had properly requested the appointment of counsel or were already represented, their Motion for Class Certification would still be denied on the merits. The Supreme Court has recognized that "Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Rather, "[b]ecause class certification 'magnifies the stakes of litigation' by resolving hundreds, if not thousands, of cases at one time," the "named [plaintiffs] must 'affirmatively demonstrate' the four threshold imperatives of certification." *In re Nissan N. Am., Inc. Litig.*, 122 F.4th 239, 245 (6th Cir. 2024) (quoting *In re Ford Motor Co.*, 86 F.4th 723, 726 (6th Cir. 2023) (per curiam), and *Wal-Mart*, 546 U.S. at 350). That is, plaintiffs "must actually prove—not simply plead—that their proposed class satisfies each requirement" of Rule 23. *Id.* at 246 (quoting *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014)).

Particularly at this stage of the litigation, not having conducted any discovery, the plaintiffs have no evidence whatsoever to establish any of the Rule 23 requirements. Moreover, their Complaint consists of conclusory legal assertions untethered to actual facts, such that, even if the court could grant a Rule 23 motion for class certification on the basis of the pleading alone, the pleading here does not establish that this case is suitable for class resolution or that the plaintiffs could satisfy any of the standards.

The court further notes that six of the defendants have pending Motions to Dismiss that may well be meritorious; one of the defendants has already been dismissed by Agreed Order; Judge Collins is, in all likelihood, absolutely immune from suit in this court, and the other two defendants (William Brown and Fresh Food) are not yet a part of this case. The plaintiffs' Motion for Class Certification, in short, is premature and without merit.

The plaintiffs' Objections to the recommendation that their Motion for Class Certification be denied will be overruled. The court will instead accept the Magistrate Judge's recommendation that the motion be denied, and the motion will be denied based on the plaintiffs' *pro se* status and on the alternative basis that the motion is utterly lacking in evidentiary support for any of the Rule 23 criteria.

## IV. THE PETITION FOR WRIT OF MANDAMUS

Along with their Complaint and the Motion for Class Certification, the plaintiffs also filed a Petition for Writ of Mandamus (Doc. No. 4), supported by plaintiff Marshall Edward's Declaration in Support of Writ of Mandate [sic] (Doc. No. 5). As an initial matter, the court notes that the standard of review of the Magistrate Judge's ruling on this Petition is not entirely clear. Because it is not a stand-alone petition and the denial of it does not have the effect of dismissing this case altogether, it does not appear to be a dispositive matter. The court, in an abundance of caution, nonetheless applies the more demanding standard of review that applies to magistrate

judges' rulings on dispositive matters. Regardless, under any standard, the plaintiffs' Objections are without merit.

### A.    Background

The plaintiffs' Petition is directed to the "United States District Court for the Middle District of Tennessee, Wilson County Division," and asks for a Writ of Mandamus "ordering the "District Court" to vacate "its" dismissal of the plaintiffs' case, investigate judicial and law enforcement misconduct, "[i]mplement corrective measures to address systemic discrimination," and "[e]nsure proper adjudication of Petitioners' claims of elder abuse and fraud." (Doc. No. 4 at 5.)

The Magistrate Judge recommends that the Petition be denied as "both procedurally flawed and substantively meritless." (Doc. No. 45 at 6.) She points out that there is no "Wilson County Division" within the United States District Court for the Middle District of Tennessee; that the attachment to the Petition appears to be a separate Petition for Writ of Mandamus directed to the "Wilson County Court" (*see* Doc. No. 4-1); and that the Declaration in support of the Petition in this court suggests that only a single Petition is at issue but also requests that the mandamus order be directed at all "Defendants" collectively. (Doc. No.5 at 2, 5.) The R&R correctly notes that a writ of mandamus is an "extraordinary remedy," and the party seeking such relief must make a clear and precise request that does not "require the Court to guess or speculate about to whom the requested order is intended to be directed." (Doc. No. 45 at 6.)

The Magistrate Judge also finds that the Petition is substantively meritless. Construing it liberally under 28 U.S.C. § 1651, the Magistrate Judge observes that, (1) there is no such entity as the "United States District Court for the Middle District of Tennessee, Wilson County Division"; (2) if the Petition is construed as directed to this court, "it is nonsensical to request that a federal court issue a mandamus against itself"; and (3) to the extent the Petition is directed to the "Wilson

County Court," this court "has no authority to issue a writ of mandamus to direct a state court or its judicial officers in the performance of their duties." (Doc. No. 45 at 7 (citations omitted).)

### B.     The Objections

In their Objections, the plaintiffs assert that their Petition "clearly identifies the requested relief: accountability for systemic misconduct by the Wilson County Court, the Wilson County Government, and associated parties." (Doc. No. 46 at 3.) Substantively, they assert that the federal courts have "inherent authority to issue writs in extraordinary circumstances to prevent injustice." (*Id.* at 3–4 (citing *Kerr v U.S. Dist. Court*, 426 U.S. 394 (1976)).) They object that the Magistrate Judge "fails to consider key aspects of Plaintiffs' case," including the factual allegations in their Complaint and Petition that "merit further factual development and discovery, rather than dismissal at this early stage." (*Id.* at 4.)

### C.     Discussion

As the R&R recognizes, the writ of mandamus was technically abolished by Federal Rule of Civil Procedure 81(b), but, under the All Writs Act, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Supreme Court recognizes that the All Writs Act codifies the common law writ of mandamus. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004).

The writ is a "drastic and extraordinary" remedy, "reserved for really extraordinary causes." *Id.* (citing *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). Traditionally, the writ has been used "to confine [the court against which mandamus is sought] to a lawful exercise of its prescribed jurisdiction." *Id.* (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)). Although "jurisdiction" in this context has not been narrowly confined, "only exceptional circumstances

amounting to a judicial usurpation of power . . . or a clear abuse of discretion . . . will justify the invocation of this extraordinary remedy." *Id.* (internal quotation marks and citations omitted).

Because the writ is one of "the most potent weapons in the judicial arsenal," a court may issue a writ of mandamus only if three conditions are met:

> First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*Id.* at 380–81 (internal quotation marks, citations, and brackets omitted).

Under these standards, a writ of mandamus is clearly not appropriate in this case, for many reasons. First, as the Magistrate Judge found, it is well settled that "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) (citing *Clark v. Washington*, 366 F.2d 678 (9th Cir. 1966), and *Campbell v. Wash. State Bar Ass'n*, 263 F. Supp. 991 (W.D. Wash. 1967)). Thus, insofar as the plaintiffs are asking this court to issue a writ to the Wilson County Circuit Court, it has no power to do so. Second, insofar as the plaintiffs are asking this court to vacate Judge Collins' dismissal of their state court lawsuit, this court has no jurisdiction to reconsider a state court judgment, and the plaintiffs had other means to attain that relief—by appealing the decision to the Tennessee Court of Appeals. Third, to the extent the plaintiffs contend that the other defendants are violating or have violated their rights, the plaintiffs have other adequate means of remedying those alleged violations—and in fact are in the process of following one such avenue by filing their lawsuit in this court and asserting claims under 42 U.S.C. § 1983. Finally, the plaintiffs have not shown that they have a "clear and indisputable" right to issuance of the writ. *Cheney*, 542 U.S. at 381. Accordingly, the plaintiffs fail to show that this

matter involves a "really extraordinary cause" that requires the "drastic and extraordinary" remedy of mandamus. *Id.* at 380.

The Objections to the recommendation that their Petition for Writ of Mandamus be denied will be overruled.

## V.     CONCLUSION

As set forth herein, the court will overrule the plaintiffs' Objections (Doc. No. 46) and accept the R&R's recommendations in their entirety. The plaintiffs' Motion for Class Certification (Doc. No. 3) and Petition for Writ of Mandamus (Doc. No. 4) will both be denied. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge