IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MARSHALL EDWARDS and ALICE EDWARDS | )<br>)<br>) |
| v. | ) Case No. 3:24-cv-00831 |
| WILSON COUNTY GOVERNMENT *et al.* | )<br>) |

TO: Honorable Aleta A. Trauger, United States District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered January 3, 2025 (Docket Entry No. 44), this *pro se* and *in forma pauperis* civil case was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court are the motion to dismiss and renewed motion to dismiss filed by the City of Lebanon Police Department (Docket Entry Nos. 13 and 61) and the motion to dismiss and renewed motion to dismiss filed by the Wilson County Government, Wilson County Court, Wilson County Board of Commissioners, Wilson County Judicial District, and Wilson County Human Resource Department (Docket Entry Nos. 20 and 56). For the reasons set out below, the undersigned respectfully recommends that the motions be **GRANTED** and that these Defendants be dismissed from the case. The undersigned further recommends that Defendant Michael Collins also be dismissed from the case.

### I. BACKGROUND

Marshall and Alice Edwards ("Plaintiffs") are residents of Atlanta, Georgia. They filed this *pro se* and *in forma pauperis* lawsuit on July 9, 2024, naming as defendants: (1) the Wilson County Government, the Wilson County Court, the Wilson County Board of Commissioners, the Wilson County Judicial District, and the Wilson County Human Resources Department

(collectively referred to as the "Wilson County Defendants'); (2) the City of Lebanon Police Department ("Police Department"); (3) Wilson County Circuit Court Judge Michael Collins ("Collins"); and, (4) Brown & Brown Insurance Brokers ("Brown & Brown"), William Brown ("Brown") and Fresh Co. Foods, LLC ("Fresh Foods"). (Docket Entry No. 1.)

Plaintiffs' lawsuit stems from events that began with an automobile accident that occurred on August 25, 2022, in Wilson County, Tennessee, when their car was hit by a semi-truck driven by Defendant Brown, who was employed by Fresh Foods, causing serious injuries to both Plaintiffs. (*Id.* at 5 and 13.) Plaintiffs allege that the accident was caused by Brown's negligence and recklessness. (*Id*. at 5.) Plaintiffs further allege that the police officer who was dispatched to the scene of the accident from the Police Department, Officer Andy Byrnes, allowed Brown to leave the scene of the accident without issuing him a citation for outdated insurance, despite "clear evidence that Brown lacked proper insurance coverage for the commercial vehicle." (*Id*. at 6.)   Plaintiffs contend that Byrnes failed to enforce the law and demonstrated "bias" by "prioritiz[ing] the interests of the commercial entity over the safety and legal rights of individual citizens" and that this was not an isolated incident but "part of a broader, systemic issue within the department" of according leniency to commercial operators at the expense of the well-being of the general public. (*Id*. at 7.)

Plaintiffs also allege that Defendant Fresh Foods has a "history of safety violations and employs drivers with inadequate training and expired credentials" and that Fresh Foods and its insurance brokers allegedly gave Plaintiffs fraudulent and misleading insurance certificates related to insurance coverage on the semi-truck, thus compounding Plaintiffs' distress and the challenges they confronted in trying to seek compensation for their injuries. (*Id*. at 6-7.)

2

Plaintiffs maintain that these actions, too, "reflect a broader pattern of unethical behavior and gross misconduct." (*Id*. at 7.)

After the accident, Plaintiffs filed a state court lawsuit, seeking to recover damages for their injuries, but their lawsuit was dismissed by Wilson County Circuit Judge Michael Collins, despite what Plaintiffs allege was "compelling evidence of negligence, fraud, and misconduct by Defendants." (*Id*. at 8.) Plaintiffs assert that Judge Collins dismissed the case "without proper consideration," ignoring the merits of the case and denying Plaintiffs the right to seek justice. They contend that this decision purportedly "exemplified a broader pattern of judicial actions within the Wilson County Court" whereby the Wilson County Circuit Court systematically undermines the legal rights of "vulnerable individuals, particularly elderly African American citizens like the plaintiffs" and that the dismissal of their case was "a miscarriage of justice fueled by racial animus and a failure to uphold the principles of due process and equal protection under the law." (*Id*. at 9.) Judge Collins also allegedly deprived them of their right to self-representation. (*Id*. at 11.)[1]

In the instant lawsuit, Plaintiffs contend that their federal constitutional rights were violated by Officer Byrnes' conduct at the scene of the accident and by Judge Collins during the proceedings in the state court lawsuit. Plaintiffs assert that Wilson County "and its constituent entities, including the Defendants" have a history of discriminatory employment policies,

---

[1] Plaintiffs offer few specifics about the state court proceeding. However, it appears from other filings made in this case that: (1) they initiated the state lawsuit on January 18, 2024; (2) the lawsuit was dismissed after a hearing before Judge Collins on May 13, 2024; and, (3) a hearing for reconsideration of the dismissal was set for July 8, 2024. *See* Attachment to Petition for Mandamus (Docket Entry No. 4-1) at 9-12. Given that their federal lawsuit was filed the day after the hearing for reconsideration, the Court presumes that the motion for reconsideration was denied, but Plaintiffs have not indicated whether a final judgment was entered or whether they appealed.

"permitting a culture of nepotism and favoritism that disproportionately benefits White employees and residents over non-Whites," and that Defendants' actions, apparently including negligent hiring, training and supervision, "through their coordinated misconduct in response to the accident involving Plaintiffs, deprived Plaintiffs of their constitutional rights to due process and equal protection." (*Id*. at 12.) Seeking various forms of relief, Plaintiffs state:

> This action seeks to remedy egregious violations of Plaintiffs' constitutional and civil rights, as well as address systemic discrimination, elder abuse, fraud, and negligence perpetrated by Defendants. As senior Black American citizens, Plaintiffs have been denied due process, equal protection under the law, and their fundamental human dignity through a coordinated series of unlawful acts by government entities and private actors in Wilson County Tennessee.

(*Id*. at 2.) Plaintiffs assert that the Court has federal jurisdiction under 28 U.S.C. §§ 1331 and 1343, as well as supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

Based on the allegations outlined above, the Complaint sets out the following claims for relief: (1) a claim under 42 U.S.C. § 1983 against all Defendants for allegedly violating Plaintiffs' Fourteenth Amendment rights (Count I); (2) a claim for violation of the Elder Justice Act, 42 U.S.C. § 1397j *et seq*., against all Defendants (Count II); (3) negligence and gross negligence against all Defendants (Count III); (4) negligent hiring, retention, and supervision against Defendant Wilson County and the City of Lebanon (Count IV); (5) a claim for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., against Defendants Wilson County Circuit Court, City of Lebanon Police Department, and the "other government entity Defendants" (Count V); (6) a claim for fraud and conspiracy to defraud against Defendants Brown & Brown, Fresh Foods, and "Does 1–20" (Count VI); (7) a claim for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*., against Brown & Brown, Fresh Foods, and "Does 1–20"(Count VII); and, (8) claims for violations of Plaintiffs'

Fourteenth Amendment rights to due process and equal protection by the government entity Defendants (Counts VIII and IX).[2] (Docket Entry No. 1 at 15-25.)

At the time they filed their complaint, Plaintiffs also filed a motion for class certification and a petition for a writ of mandamus, both of which were denied. *See* Memorandum Opinion and Order entered March 7, 2025 (Docket Entry Nos. 49-50). Defendant Brown & Brown was dismissed from the case with prejudice upon agreed order. *See* Order entered November 4, 2024 (Docket Entry No. 34).

The pending motions to dismiss were filed by Defendant City of Lebanon Police Department and the Wilson County Defendants in lieu of answers. Defendants Brown and Fresh Foods recently filed a motion to dismiss that is not yet ripe for consideration, raising defenses of insufficient service of process and lack of personal jurisdiction. (Docket Entry No. 64.) The remaining Defendant – Judge Collins– has not appeared in the case.

## II. MOTIONS TO DISMISS

As an initial matter, the Court notes that the City of Lebanon Police Department and the Wilson County Defendants filed their initial motions to dismiss early in the case and prior to both the issuance of summons and the January 3, 2025 order of referral. After Plaintiffs eventually had summons issued in April 2025, the moving Defendants refiled the same dismissal motions, apparently out of an abundance of caution, even though they had not raised in their initial motions a defense based upon the absence of a summons and/or lack of service of process and even though the original dismissal motions were still pending. Thus, the Court views each moving party's motions as essentially a single motion.

---

[2] Plaintiffs mislabel one of these counts as Count V despite already having set out a Count V earlier in their complaint. (Docket Entry No. 1 at 23.)

By its motion, the Defendant Police Department argues that: (1) Plaintiffs' claims against it are time-barred by the applicable one-year statute of limitations because the claims are based upon events occurring at the time of the accident on August 25, 2022, more than one year prior to the filing of this lawsuit; (2) as a municipal police department, it is not an entity capable of being sued; and; (3) Plaintiffs have failed to adequately plead factual allegations that are sufficient to support a viable claim against it. (Docket Entry No. 14.)

In response, Plaintiffs argue: (1) that the Court should apply equitable tolling and "the discovery rule" to render their claims timely; (2) the Police Department can be sued because they allege that its policies and customs violated their constitutional rights; and, (3) their factual allegations are sufficient to state claims upon which relief can be granted. (Docket Entry No. 28.) In the event that the Police Department is dismissed, they assert that they should be allowed to amend their complaint to name the City of Lebanon as a defendant and add new claims. (*Id*. at 6-7, 19.)

In reply, the Police Department asserts that Plaintiffs fail to actually rebut the argument that it must be dismissed because it is not amenable to being sued. (Docket Entry No. 30.) The Police Department further disputes that Plaintiff has set out any basis for a plausible legal claim based upon the actions of Officer Byrne, the Police Department, or the City of Lebanon and thus Plaintiffs' request to amend should be denied because any claims that they seek to pursue by an amendment to add the City of Lebanon would be futile. (*Id*.)

By their motion, the Wilson County Defendants raise numerous arguments for dismissal of the action as to them. They argue that: (1) Defendant Wilson County may not be held liable for any claims based on any actions by Judge Collins; (2) Defendant Wilson County may not be held liable for any claims for a violation of Plaintiffs' constitutional rights under Counts I, II,

V(A), and VIII because Plaintiffs have not alleged sufficient facts that any Wilson County official committed an underlying constitutional or statutory violation; (3) Defendant Wilson County may not be held liable for any claim for a violation of Plaintiffs' constitutional rights under Counts I, II, V(A), and VIII because Plaintiffs have not alleged sufficient facts to support that Wilson County had any policy, practice, or procedure that caused any constitutional harm; (4) Defendant Wilson County should be dismissed as to any claim under Count V related to the alleged denial of accommodations for any alleged disabilities; (5) Defendant Wilson County should be dismissed as to the negligent screening, training, and supervising claims under Counts III and IV; (6) Defendants Wilson County Board of Commission, the Wilson County Human Resources Department, Wilson County Court, and Wilson County Judicial District are agencies that may not be held liable; and, (7) Wilson County Court and Wilson County Judicial District are entitled to be dismissed because they have immunity under the 11th Amendment; and (8) Defendant Wilson County may not be held liable for punitive damages. (Docket Entry No. 21.)

Plaintiffs did not file a response in opposition to the initial motion to dismiss filed by the Wilson County Defendants. In response to the Wilson County Defendants' refiled motion to dismiss, Plaintiffs filed a response in opposition on July 1, 2025. (Docket Entry No. 66.) However, the response is deficient in several significant respects.

*First*, it is untimely. Defendants refiled their motion to dismiss on May 20, 2025. Under Local Rule 7.01(a)(3), Plaintiffs had 14 days after service of the motion to dismiss to file their response in opposition. Their response was not filed until well beyond this time period. *Second*, the response also does not comply the requirement set out in Local Rule 7.01(a)(3) that a response in opposition be no longer than 25 pages unless leave of the Court is obtained to exceed the page limitation. Plaintiffs' response is 48 pages long, well beyond the page limitation,

without leave of the Court. Finally, the response is filed by only Plaintiff Alice Edwards, despite appearing to have been intended to be filed by both Plaintiffs.

## III. STANDARD OF REVIEW

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Such a motion is properly granted if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6); *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020). In ruling on a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Additionally, because Plaintiffs are proceeding *pro se*, the Court is also required to view their complaint with some measure of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

To survive a motion to dismiss, a complaint must allege facts that, if accepted as true, are sufficient to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007); *see also* Fed.R.Civ.P. 8(a)(2). A complaint has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (2007). A complaint that "tenders 'naked assertions' devoid of 'further factual enhancement'" will not suffice, *Ashcroft*, 556 U.S.

at 678 (quoting *Twombly*, 550 U.S. at 557), and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

IV. ANALYSIS

**A. Motion to Dismiss of Defendant Police Department**

This motion is properly granted. It is well settled that a county or city police department in Tennessee is not a separate and distinct entity that is capable of being sued. *See Buchannan v. Williams*, 434 F.Supp.2d 521, 529 (M.D. Tenn. 2006); *Williams v. Baxter*, 536 F.Supp.13, 16 (E.D. Tenn. 1981); *Boyd v. City of Millington*, 2015 WL 13080882, at *2 (W.D. Tenn. Dec. 9, 2015); *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, 2010 WL 3341889, at *2 (M.D. Tenn., Aug. 25, 2010) (collecting cases holding that police departments are not suable under Tennessee law); *see also Mathews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that police department is not a separate entity that may be sued under Kentucky law). Plaintiffs' argument that the Police Department can be sued under 42 U.S.C. § 1983 because they allege constitutional violations is meritless under the authority of these cases, which clearly reject the argument made by Plaintiffs. Accordingly, the Police Department must be dismissed from this case as a matter of law for this reason alone and without consideration the other dismissal arguments raised in the motion.

**B. Motion to Dismiss of the Wilson County Defendants**

This motion is also properly granted. As an initial matter, the Court declines to review the response in opposition filed by Plaintiffs because of its untimeliness and non-compliance with Local Rule 7.01. While the Court recognizes that Plaintiffs are proceeding without counsel and, as such, are entitled to some indulgences, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), "the

9

Case 3:24-cv-00831   Document 67   Filed 07/08/25   Page 9 of 15 PageID #: 636

lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A party proceeding *pro se* is not excused from complying with the Federal Rules of Civil Procedure or the Local Rules, *see McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."), and "*pro se* parties must follow the same rules of procedure that govern other litigants." *Aug. v. Caruso*, 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015). *See also Fields v. County of Lapeera*, 2000 WL 1720727 at *2 (6th Cir. Nov. 8, 2000) ("[I]t is incumbent on litigants, even those proceeding *pro se*, to follow the rules of procedure.") (citation cleaned up); *Looper v. Educ. Credit Mgmt. Corp.*, 2008 WL 2965887, at *8 (E.D. Tenn. July 30, 2008) (plaintiff's "*pro se* status does not exempt [her] from complying with the rules of procedure."); *Greer v. Home Realty Co. of Memphis Inc.*, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for *pro se* litigants, even *pro se* litigants are obligated to follow these rules").

After review of the motion and the complaint, the Court finds that the arguments for dismissal made by the Wilson County Defendants are legally sound and support dismissal of the claims brought against them. The Defendants accurately point out several legal shortcoming of Plaintiffs' claims, accurately set out the relevant law for judging the sufficiency of a complaint against basic pleading standards, and make a persuasive argument that Plaintiffs' complaint lacks factual allegations that are sufficient to support the claims brought against them. Defendants correctly point out that, whatever dissatisfaction that Plaintiffs may have with the decisions of Judge Collins in the state court case, the Wilson County Defendants had no role in those decisions and that Collins is not even an official of Wilson County. They further correctly point

out that there are no factual allegations showing that Plaintiffs suffered a plausible constitutional violation at the hands of any of the Wilson County Defendants. Plaintiffs' theories of liability against the Wilson County Defendants are based entirely upon conclusory and speculative allegations that are unsupported by specific, factual allegations. Plaintiff simply do not set out any factual allegations that show, or even infer, that any Wilson County Defendant took actions or failed to take actions against Plaintiffs that could plausible be seen as unlawful. Plaintiffs' attempt to pursue claims against the Wilson County Defendants is misguided and not well-taken. Even when the complaint is given a liberal construction, there is nothing set out in the complaint that supports a plausible legal claim for relief against any of the Wilson County Defendants.

It is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). *See also Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) ("This Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D.Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response).

C. Defendant Collins

The docket does not reflect that Plaintiffs had a summons issued to Defendant Collins or that they have served him with process. "Plaintiff bears the burden of showing the Defendant has been properly served with process." *Jones v. Stover Diagnostics Lab'ys, Inc.*, No. 3:19-CV-00740, 2023 WL 163138, at *4 (M.D. Tenn. Jan. 10, 2023) (Richardson, J.). Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendant be served with process

11

within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Given the several months that have passed in this case since the January 3, 2025 order of referral that directed Plaintiffs to return service packets for Defendants so that process could issue, *see* Docket Entry No. 44 at 2, dismissal of Defendant Collins under Rule 4(m) is appropriate.

Furthermore, because Plaintiffs' allegations against Defendant Collins are based entirely upon actions taken by him as the judge in Plaintiffs' state court case, Collins would be entitled to absolute judicial immunity from any liability for the claims brought against him. *Mireles v. Waco*, 502 U.S. 9, 10-11 (1991); *Forrester v. White*, 484 U.S. 219, 226-27 (1988). Plaintiffs allege no facts that support an exception to such immunity. In lawsuits filed *in forma pauperis*, such as Plaintiffs' lawsuit, the Court shall, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), dismiss a claim at any time if the claim seeks monetary relief against a defendant who is immune from such relief. *See e.g. Tobias v. State*, 2018 WL 8969133, at *3 (6th Cir. Dec. 17, 2018) (district court was required to dismiss claims against state court judges under Section 1915(e)(2)(B)(iii) because they were entitled to absolute judicial immunity); *Emanuel v. Dozier*, No. 3:13-CV-0609, 2013 WL 3243097, at *2 (M.D.Tenn. June 26, 2013) (claims brought against state court judge based on actions taken by him while performing judicial duties was subject to dismissal under Section 1915(e)(2)(B)(iii) on the basis of absolute judicial immunity).

Accordingly, dismissal of Defendant Collins from this lawsuit is warranted under Rule 4(m) and Section 1915(e)(2)(B)(iii).

### E. Plaintiffs' Request for leave to Amend

In their response to the motion to dismiss filed by the Police Department, Plaintiffs request to amend their complaint to add the City of Lebanon as a Defendant. This request is properly denied. Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be freely given "when justice so requires," leave to amend may be denied under appropriate circumstances. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment should generally be denied if such an amendment could not withstand a motion to dismiss and thus would be futile. *See Kottmyer v. Maas,* 436 F.3d 684, 692 (6th Cir. 2006); *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005); *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993). The decision of whether to grant or deny a request to amend is within the sound discretion of the Court. *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990); *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

The proposed claims against the City of Lebanon, *see* Plaintiffs' Response, are conclusory, completely spurious, and unsupported by any factual allegations that show, or even infer, wrongdoing by the City of Lebanon. The proposed claims hinge upon Plaintiffs' contention that Officer Byrnes violated their constitutional rights by not issuing a citation to Defendant Brown after the accident and that the City of Lebanon somehow contributed or caused this violation by its policies or lack of policies. However, the premise for this contention is flawed because a person has no constitutional right to have a law enforcement officer issue a citation to another person. *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation" by a police officer); *Flinchum v. City of Beattyville*, 224 F.Supp.3d 536, 544-45 (E.D. Ky. 2016) ("individual citizens do not have a constitutional right to compel law enforcement officers to act,

13

or to require that they investigate and prosecute crime, in a particular way"); *Green v. City of Southfield*, 2018 WL 1185277, at *6 (E.D.Mich. Mar. 7, 2018), *aff'd sub nom. Green v. City of Southfield, Michigan*, 759 F.App'x 410 (6th Cir. 2018) ("there is no constitutional right to an error-free investigation of an automobile accident by the police"). Plaintiffs' constitutional rights simply were not violated in any manner by Officer Byrnes' conduct. The Court notes that, although Plaintiffs assert in their Response that Byrnes and the City of Lebanon concealed insurance fraud and provided false insurance documents to them, *see* Docket Entry No. 28 at 2-3 and 4-5, this assertion is completely contradicted by the specific allegations in their complaint, which is that it was Defendant Fresh Foods and Brown & Brown that provided to them false insurance certificates. (Docket Entry No. 1 at ¶ 24.)

Furthermore, Plaintiffs offer no factual allegations that support their claims that they were discriminated against by the City of Lebanon on account of their membership in a suspect class or on account of any disability suffered by Mrs. Edwards. Like their claims against the Wilson County Defendants that also warrant dismissal, Plaintiffs' attempt to conjure up claims of municipal liability against the City of Lebanon in the aftermath of the traffic accident with Defendant Brown is not well-taken by the Court. Because Plaintiffs do not set forth a proposed amended claim against the City of Lebanon that would withstand a motion to dismiss, their proposed amendment would be futile and their request to amend must be denied.

# R E C O M E N D A T I O N

For the reasons set out herein, it is respectfully **RECOMMENDED** that:

(1) The motion to dismiss and renewed motion to dismiss filed by the City of Lebanon Police Department (Docket Entry Nos. 13 and 61) be **GRANTED** and that this Defendant be **DISMISSED**.

(2) The motion to dismiss and renewed motion to dismiss filed by the Wilson County Government, Wilson County Court, Wilson County Board of Commissioners, Wilson County Judicial District, and Wilson County Human Resource Department (Docket Entry Nos. 20 and 56) be **GRANTED** and that these Defendants be **DISMISSED**.

(3) Defendant Judge Michael Collins be **DISMISSED** from this case pursuant to Rule 4(m) and Section 1915(e)(2)(B)(iii).

(4) Plaintiffs' request to amend their complaint to add the City of Lebanon as a defendant be **DENIED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

15