**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MARSHALL EDWARDS and** | ) | |
| **ALICE EDWARDS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24-cv-00831** |
| | ) | **Judge Aleta A. Trauger** |
| **WILSON COUNTY GOVERNMENT** *et* | ) | |
| *al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

The Magistrate Judge to whom this case has been referred pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1) has issued a Report and Recommendation ("R&R") (Doc. No. 67), recommending that the Motions to Dismiss and renewed Motions to Dismiss filed by the City of Lebanon Police Department ("LPD") (Doc. Nos. 13, 61) and the Wilson County Government, Wilson County Court, Wilson County Board of Commissioners, Wilson County Judicial District, and Wilson County Human Resources Department (collectively, the "Wilson County defendants") (Doc. Nos. 20, 56) be granted in their entirety and that the claims against those defendants be dismissed. The R&R also recommends that the claims against defendant Michael Collins, Wilson County Circuit Court Judge, be dismissed on the grounds that the record does not reflect that he has been served with process and, even if he had been timely served, he is entitled to absolute judicial immunity from suit.

The plaintiffs timely filed Objections (Doc. No. 68) to the R&R. The LPD and Wilson County defendants both filed Responses to the Objections (Doc. Nos. 69, 72), prompting plaintiff

Alice Edwards to file untimely Supplemental Objections (Doc. No. 76).[1] Both sets of defendants filed Responses to the Supplemental Objections (Doc. Nos. 78, 81), and the plaintiffs filed a Reply to LPD's Supplemental Response (Doc. No. 79).

For the reasons set forth herein, the Objections and Supplemental Objections will be overruled in their entirety, and the Motions to Dismiss filed by the LPD and the Wilson County defendants will be granted. The court will also dismiss *sua sponte* the claims against defendant Michael Collins.

## I.    STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings

---

[1] Plaintiff Alice Edwards filed a Notice of Death (Doc. No. 70) dated July 12, 2025—but received and docketed on August 4, 2025—providing notice that her husband, plaintiff Marshall Edwards, died. She continues to proceed *pro se* on her own behalf. She has not filed a motion for substitution of the party pursuant to Federal Rule of Civil Procedure 25(a)(1). The court finds that, because the Motions to Dismiss were fully briefed and the R&R was issued prior to Marshall Edwards' death, and because the claims against the moving defendants are clearly subject to dismissal for the reasons set forth herein and in the R&R, substitution is not required prior to a ruling on these motions. Despite Marshall Edwards' death, the court continues to refer herein to the "plaintiffs" in the plural.

and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.    DISCUSSION

### A.    Procedural History

Plaintiffs Alice Edwards and Marshall Edwards, residents of Atlanta, Georgia, initiated this lawsuit *pro se* and *in forma pauperis* on July 9, 2024, asserting claims arising out of a traffic accident that took place on August 25, 2022 in Wilson County, Tennessee. Their car was struck by a semi-truck driven by defendant William Brown, who was employed by defendant Fresh Co. Foods, LLC ("Fresh Foods"), causing traumatic injuries to both plaintiffs.

The claims against the LPD are based on the actions of the police officer who responded to the accident scene and allowed Brown to leave the scene of the accident without issuing him a traffic citation.

After the accident, the plaintiffs filed suit in Wilson County Circuit Court, but their lawsuit was dismissed by Wilson County Circuit Judge Michael Collins.

In their present lawsuit, the plaintiffs contend that their federal constitutional rights were violated by the LPD officer's conduct at the scene of the accident and by Judge Collins in dismissing the lawsuit. The claims against the LPD and the various Wilson County defendants are entirely premised upon those allegations, though the Complaint also contains numerous conclusory allegations concerning negligence, fraud, conspiracy, and a pattern of discrimination. (*See generally* Doc. No. 1.) The Complaint sets out the following claims for relief: (1) a claim under 42 U.S.C. § 1983 against all defendants for allegedly violating the plaintiffs' Fourteenth Amendment rights; (2) a claim for violation of the Elder Justice Act, 42 U.S.C. § 1397j *et seq.*, against all defendants; (3) negligence and gross negligence against all defendants; (4) negligent hiring, retention, and supervision against Wilson County and the City of Lebanon; (5) a claim for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, against the Wilson County Circuit Court, the LPD, and the "other government entity Defendants"; (6) a claim for fraud and conspiracy to defraud against defendants Brown & Brown, Fresh Foods, and "Does 1– 20"; (7) a claim for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, against Brown & Brown, Fresh Foods, and "Does 1–20"; and, (8) claims for violations of the plaintiffs' Fourteenth Amendment rights to due process and equal protection by the government entity defendants. (Docket Entry No. 1 at 15–25.)

When they filed their lawsuit, the plaintiffs also filed a Motion for Class Certification and a Petition for Writ of Mandamus, both of which the court denied. (Doc. Nos. 49–50.) Defendant Brown & Brown was dismissed from the case with prejudice upon Agreed Order. (Doc. No. 34.) Defendants William Brown and Fresh Foods have filed a Motion to Dismiss that was not ripe when the Magistrate Judge issued the R&R now before the court. That motion remains pending. As noted, Judge Collins has not been served and has never entered an appearance. The LPD and the Wilson County defendants filed initial Motions to Dismiss prior to being served. They renewed the motions after being served. The Magistrate Judge treated each party's motion and renewed motion as a single motion, as does this court.

**B.      The LPD's Motion**

The Magistrate Judge recommends that the LPD's motion be dismissed on the grounds that a police department is not a separate and distinct entity that is suable under state law. (Doc. No. 67 at 9.) The R&R further finds that the plaintiffs' request to amend their Complaint to substitute (or add) the City of Lebanon as a defendant would be futile, because the proposed claims are conclusory and spurious, and the plaintiffs do not allege facts that, even if true, would show or even imply liability on the part of the City of Lebanon. (*Id.* at 13.) The plaintiffs object on the grounds that the Magistrate Judge should have substituted the City of Lebanon as the proper defendant, rather than dismissing the claims altogether, and that they should be granted leave to amend, because the allegations "against City employees and police officers" are sufficient to state plausible municipal liability claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (Doc. No. 68 at 4.)

The LPD's Response to the Objections incorporates the arguments raised in support of its Motion to Dismiss—including that any claims against the City would be time-barred—and otherwise urges the court to overrule the plaintiffs' Objections and adopt the R&R. (Doc. No. 69.)

The plaintiffs filed Supplemental Objections, claiming to be in possession of new evidence that further supports their claims. (Doc. Nos. 76, 76-1.) This evidence, however, is not new, and it has nothing to do with the claims against the LPD. Rather, it concerns the plaintiffs' allegations that defendants William Brown and Fresh Foods provided them fraudulent or invalid insurance documents after the traffic accident.

The court has reviewed *de novo* the issues raised by the plaintiffs' Objections and finds no error in the Magistrate Judge's recommendations that the claims against the LPD be dismissed with prejudice. Even if the court were to construe the Complaint as asserting claims against the City of Lebanon rather than the LPD, the Complaint utterly fails to state a colorable claim against the City of Lebanon. The plaintiffs' allegations do not establish that the individual police officer who responded to the scene of the crash violated their constitutional rights, and the claims against the City, in any event, are clearly barred by the applicable one-year statute of limitations. Amendment of the Complaint would be futile. The court therefore will accept in its entirety the R&R's recommendation that the LPD's Motion to Dismiss be granted and that the plaintiffs' request to amend the pleading be denied.

### C. The Wilson County Defendants' Motion

The Wilson County defendants' motion is likewise properly granted. The Magistrate Judge declined to consider the plaintiffs' Response to the Wilson County defendants' Motion to Dismiss on the grounds that it was untimely and failed to comply with Local Rule 7.01. At the same time, the Magistrate Judge thoroughly considered the Wilson County defendants' arguments in light of the allegations in the Complaint and found that, whatever dissatisfaction the plaintiffs have with Judge Collins' rulings in the state court case, the Complaint does not contain plausible factual allegations showing or even implying that Collins is a Wilson County official, that the Wilson County defendants had anything to do with his decisions, or that any individual employed by

Wilson County violated the plaintiffs' constitutional rights or otherwise took any action that could be deemed unlawful. (Doc. No. 67 at 10–11.)

The plaintiffs' Objections are entirely conclusory. They essentially allude to the arguments raised in opposition to the Wilson County defendants' Motion to Dismiss and assert that their Complaint "detailed multiple acts of misconduct," including the "[f]ailure of public institutions to address or correct" the wrongs they suffered. (Doc. No. 68 at 4.) Their Supplemental Objections, as noted, only address the allegedly fraudulent insurance documents produced by defendants William Brown and Fresh Foods. (Doc. No. 76.)

The court has reviewed *de novo* the Complaint and the arguments raised by the Wilson County defendants' Motion to Dismiss. The court has also considered the plaintiffs' untimely and overly long Response in opposition to the Wilson County defendants' Motion to Dismiss. (Doc. No. 61.)[2] Like the Magistrate Judge, the court finds that the Complaint fails to allege facts that state a colorable claim of any kind against the Wilson County defendants. In particular, the plaintiffs have not alleged facts that, if true, would establish that any Wilson County defendant committed a constitutional violation or that Wilson County had any policy, practice, or procedure that violated their constitutional rights under the governing law. Most notably, the plaintiffs' claims arise from the actions of Judge Michael Collins, who is employed by the state, not Wilson County. *Accord Fischiettie v. Shelby Cnty.*, No. 2:24-cv-02353-MSN-TMP, 2024 WL 5233184, at *2 (W.D. Tenn. Dec. 27, 2024).[3]

---

[2] This Response is labeled on the docket as having been filed in response to the LPD's motion. In fact, it responds to the Wilson County defendants' motion.

[3] The Wilson County Circuit Court is actually the Circuit Court for Tennessee's fifteenth judicial district. Tenn. Code Ann. § 16-2-506(15)(A). And circuit court judges are state employees.

Accordingly, the Magistrate Judge's recommendations will be accepted in their entirety. The Wilson County defendants' Motion to Dismiss will be granted, and the claims against these defendants will be dismissed for failure to state a claim for which relief may be granted.

### D. Judge Michael Collins

Rule 4 of the Federal Rules of Civil Procedure provides that, if any defendant is not served with process within 90 days of the date an action is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Magistrate Judge's recommendation that the claims against Collins be dismissed for failure to effect service of process within 90 days constituted notice to the plaintiffs that they should show cause for the failure to serve. *Accord, e.g.*, *Brown v. Tennessee*, No. 3:22-CV-00754, 2023 WL 6054614, at *1 n.1 (M.D. Tenn. Sept. 15, 2023) ("This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause for why the action should not be dismissed under Rule 4(m)."), *R&R adopted*, No. 3:22-cv-00754, 2023 WL 8101878 (M.D. Tenn. Nov. 20, 2023).

As the Magistrate Judge also noted, however, state court judges are "immune from suit for monetary damages unless the action complained of was non-judicial or was performed in the complete absence of jurisdiction." *Tobias v. State*, No. 18-1892, 2018 WL 8969133, at *3 (6th Cir. Dec. 17, 2018) (citing *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991)). A judge's immunity from suit is "absolute: all of a judge's actions taken in an official judicial capacity are immune from suit." *Morgan v. Bd. of Pro. Resp.*, 63 F.4th 510, 518 (6th Cir. 2023). Moreover, in lawsuits filed *in forma pauperis*, such as this one, the court must dismiss a claim at any time if the claim seeks

monetary relief against a defendant who is immune from such relief. *Tobias*, 2018 WL 8969133) (citing 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2)).

The plaintiffs object to the recommended dismissal of Judge Collins solely on the grounds that their allegations show that Judge Collins "denied them access to court, refused to process filings, and acted in a discriminatory and retaliatory manner." (Doc. No. 68 at 5.) They claim that these allegations would be sufficient, if proven, to establish that he "acted outside the bounds of his judicial authority." (*Id.*)

The plaintiffs do not address the fact that they have not served process on Judge Collins and have made no attempt to show good cause for that failure. Further, they are simply incorrect that the allegations in the Complaint would be sufficient, if true, to show that Judge Collins acted outside his judicial capacity. Their claims are based entirely on Judge Collins' dismissal of their state court lawsuit. (*See, e.g.*, Doc. No. 1 ¶¶ 27–28 ("Defendant Judge Michael Collins improperly dismissed their case despite compelling evidence of negligence, fraud, and misconduct by Defendants. . . . Despite this overwhelming evidence, Judge Collins dismissed the case without proper consideration, raising serious concerns about judicial misconduct and potential bias. The dismissal not only ignored the merits of the case but also denied the Plaintiffs their rightful opportunity to seek justice and compensation for their injuries and losses.").) Judge Collins' decision to dismiss the plaintiffs' lawsuit is clearly an action taken in his judicial capacity, as this was the "type of act normally performed *only* by judges." *Morgan v. Bd. of Pro. Resp.*, 63 F.4th 510, 519 (6th Cir. 2023) (citation omitted). The plaintiffs' recourse in the event of an incorrect judicial decision is to appeal, not to sue the judge. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). "A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or

corruptly." *Morgan v. Kentucky*, No. 3:23-cv-594-DJH, 2024 WL 2884568, at *2 (W.D. Ky. June 7, 2024) (citing *Mireles*, 502 U.S. at 11).

In short, the court will dismiss the claims against Judge Collins based both on the failure to effect timely service of process and absolute judicial immunity.

## III.    CONCLUSION

For the reasons set forth herein, the plaintiffs' Objections and Supplemental Objections (Doc. Nos. 68, 76) will be overruled, and the R&R (Doc. No. 67) will be accepted in its entirety. Accordingly, the LPDs and Wilson County defendants' Motions to Dismiss and renewed Motions to Dismiss ( 13, 20, 56, 61) will be granted, and the claims against those defendants will be dismissed. The court will dismiss *sua sponte* the claims against Judge Collins.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge