IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MARSHALL EDWARDS and<br>ALICE EDWARDS | )<br>)<br>) |
| v. | )    NO. 3:24-cv-00831<br>) |
| WILSON COUNTY GOVERNMENT *et al.* | )<br>) |

**TO:** Honorable Aleta Trauger, United States District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered January 3, 2025 (Docket Entry No. 44), this *pro se* and *in forma pauperis* civil case was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court is the motion to dismiss (Docket Entry No. 64) filed by Defendants Fresh Co. Foods, LLC and William Brown. For the reasons set out below, the undersigned respectfully recommends that the motion to dismiss be granted.

### I. BACKGROUND

The Court presumes the parties' familiarity with the case and thus sets out only a short background summary.

This lawsuit was filed *pro se* and *in forma pauperis* on July 9, 2024, by a husband and wife, Marshall and Alice Edwards ("Plaintiffs"), of Atlanta, Georgia. *See* Complaint (Docket Entry No. 1).[1]

---

[1] On August 4, 2025, Mrs. Edwards filed a notice of the death of Mr. Edwards (Docket Entry No. 70), who died on April 15, 2025. *See* Order entered August 12, 2025 (Docket Entry No. 75). A motion for substitution pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure has not been filed.

The lawsuit arises from an automobile accident that occurred on August 25, 2022, in Wilson County, Tennessee, when Plaintiffs' car was hit by a semi-truck driven by William Brown ("Brown"), causing serious injuries to both Plaintiffs. Brown was employed by Fresh Co. Foods, LLC ("Fresh Co."). Although Plaintiffs sued several defendants on a variety of claims, including claims that multiple defendants violated Plaintiffs' civil rights, all defendants other than Brown and Fresh Co. have been dismissed from the case.[2]

Plaintiffs allege that Brown's negligence caused the accident and that Fresh Co. has a "history of safety violations and employs drivers with inadequate training and expired credentials." *See* Complaint at 5-6. Plaintiffs further allege that, after the accident, Fresh Co. and its insurance brokers gave Plaintiffs three fraudulent and misleading insurance certificates related to insurance coverage on the semi-truck that were either expired, not yet active, or contained nonmatching vehicle identification numbers (VINs) for the truck involved in the collision, and that this deceit misled Plaintiffs and hindered their ability to pursue claims for compensation. *Id*. at 7-8. Plaintiffs allege that these actions "reflect a broader pattern of unethical behavior and gross misconduct." *Id*. at 7. Based on these allegations, Plaintiffs sue Defendants Brown and Fresh Co. (hereinafter referred to collectively as "Defendants") on the following claims: (1) a claim under 42 U.S.C. § 1983 for allegedly violating Plaintiffs' Fourteenth Amendment rights; (2) a claim for violation of the Elder Justice Act, 42 U.S.C. § 1397j *et seq*.; (3) a claim for negligence and gross negligence; (4) a claim for fraud and

---

[2] *See* Agreed Order dismissing Brown & Brown Insurance Brokers (entered November 4, 2024; Docket Entry No. 34), and Order dismissing Wilson County Government, Wilson County Court, Wilson County Board of Commissioners, Wilson County Judicial District, Wilson County Human Resources, City of Lebanon Police Department, and Wilson County Circuit Court Judge Michael Collins (entered September 11, 2025; Docket Entry No. 83).

conspiracy to defraud in violation of 18 U.S.C. § 1028, Tennessee Code § 39-12-103, and Tennessee Code § 39-14-121; and, (5) a claim for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*. *Id*. at 15-23.[3]

In the January 3, 2025, Order, Plaintiffs were directed by the Court to complete service packets and return them to the Clerk's Office within 30 days of the Order so that process could issue. *See* Docket Entry No. 44 at 2. Plaintiffs did not promptly comply with this directive, and summons were not issued for Defendants Brown and Fresh Co. until May 13, 2025. *See* Docket Entry No. 55 at 1-2 and 5-6. Plaintiffs requested that process be served upon Defendants via Reuben N. Pelot, IV ("Pelot"), an attorney in a law firm located in Knoxville, Tennessee. *Id.* Summons and copies of the complaint were thereafter delivered to the law firm and accepted by "Liz Johnson" on June 4, 2025. *See* Process Receipt and Returns (Docket Entry Nos. 58 and 60).

Defendants Brown and Fresh Co. then filed the pending motion to dismiss, raising the defenses of insufficient service of process and lack of jurisdiction, pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure.

---

[3] The instant lawsuit is the fourth lawsuit filed by the Edwards based on events related to the 2022 accident. On November 17, 2022, Mr. Edwards filed a *pro se* lawsuit in the Eastern District of Tennessee against Fresh Foods, claiming negligence. *Edwards v. Fresh Food, LLC*, Case No.1:22-cv-00285-TRM-CHS (McDonough, J.). That lawsuit was dismissed without prejudice on December 14, 2022, for improper venue. On January 19, 2023, the Edwards brought a *pro se* negligence lawsuit in this Court against Fresh Foods, LLC, Johnny Harris, Penske Truck Leasing Co., L.P., and Roger S. Penske. *Edwards v. Fresh foods, LLC, et al.*, Case No. 3:23-cv-00049 (Richardson, J.). That lawsuit was dismissed without prejudice on April 12, 2023, for failure to show that diversity subject matter jurisdiction existed and for want of prosecution. The Edwards then pursued a *pro se* state court lawsuit against Fresh Co. and Brown in Wilson County, which was likewise dismissed. *See* Attachment to Petition for Mandamus (Docket Entry No. 4-1) at 9-12. Events occurring during the state court lawsuit formed the basis for some of the claims in the instant lawsuit that were dismissed by the Court.

## II. MOTION TO DISMISS AND RESPONSE

In their motion, Defendants argue that Plaintiffs did not properly serve them with process in accordance with the methods of service permitted by Rule 4 of the Federal Rules of Civil Procedure. Defendants assert that Pelot is an attorney and that Liz Johnson is an employee of the firm in which Pelot works. Defendants argue that, although Pelot previously represented Fresh Co. and Brown in Plaintiffs' prior lawsuits, neither Pelot nor Johnson has ever been an officer, a managing agent or general agent, or any other agent authorized by appointment or by law to receive service of process for Fresh Co. and that neither Pelot nor Johnson is likewise authorized by appointment or by law to accept service of process on behalf of Brown. As such, Defendants argue that Plaintiffs' attempt to serve them with process through Pelot was ineffective and, as a corollary, the Court may not exercise personal jurisdiction over them because proper service of process is a necessary component for exercising personal jurisdiction over a party. *See* Memorandum in Support (Docket Entry No. 65). Defendants support their motion with the declaration of Pelot (Docket Entry No 64-1).

In a response in opposition (Docket Entry No. 71), Mrs. Edwards concedes that service of process was sent to Pelot instead of Defendants but argues that this defect should be excused because she reasonably believed that Pelot's representation of Defendants in the prior litigation with Plaintiffs authorized him to receive service of process on behalf of Defendants. Mrs. Edwards contend that Defendants clearly had actual notice of the lawsuit and that any technical defect in service of process is harmless error. Mrs. Edwards further contends that Defendants' contacts with Tennessee are sufficient to create personal jurisdiction over them. Finally, she argues that, given her *pro se* status and the lack of any prejudice to Defendants, dismissal of the

lawsuit would be premature and unjust without first giving her an opportunity to cure any defect in service of process and re-serve Defendants.

In a reply (Docket Entry No. 73), Defendants first argue that the response should not be considered because it is untimely. Defendants then argue that it is undisputed that they were not served with process in accordance with Rule 4 and that neither actual notice of the lawsuit nor the asserted good faith effort to serve process by Plaintiffs suffices for proper and actual service of process. Defendants next contend that Mrs. Edwards' argument about personal jurisdiction fails to address the lack of proper service of process. Finally, Defendants point out that this lawsuit was initially filed on July 9, 2024, and that the Court's directive to the Clerk to issue service packets to Plaintiffs occurred on January 3, 2025. They argue that dismissal of the action is warranted without first permitting Mrs. Edwards another attempt to serve them with process because the allowable time within which to serve process has long since passed.

A month after Defendants' reply, Mrs. Edwards filed a motion for leave to file a sur-reply and a proposed sur-reply, contending that Defendants raised in their reply new arguments regarding timeliness and service of process that were not raised in their original motion to dismiss. *See* Docket Entry No. 84. Although Defendants raised a reasonable opposition to the filing of a sur-reply, the Court has granted the motion and permitted the filing of the sur-reply.

### III. ANALYSIS

A. Consideration of Mrs. Edwards' Response

Defendants are correct that the response filed by Mrs. Edwards is not timely. Local Rule 7.01(a)(3) provides that, unless otherwise ordered by the Court, a response in opposition to a motion to dismiss must be filed within 14 days of service of the motion. Defendants' motion to dismiss was filed on June 25, 2025. However, the response in opposition was not filed until

August 4, 2025, well beyond the deadline for filing a response, and the response was not accompanied by a motion for leave to make a late-filed response.[4] While the Court would be well within its discretion to disregard the untimely response, the Court shall nonetheless consider the response.

B. Rule 12(b)(5) Defense

Defendants' argument that they were not served with process clearly has merit. Rule 12(b)(5) provides that a defendant may move to dismiss based on the argument that service of process is insufficient. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. supp. Apr. 2023) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." (footnote omitted)). "In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence in determining the sufficiency of service[,]" including "uncontroverted affidavits ...." *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F.Supp.2d 561, 563 (E.D. Mich. 2006). *See also Spencer v. Caracal Int'l, LLC*, 516 F.Supp.3d 755, 758 (M.D. Tenn. 2021) (finding that courts considering Rule 12(b)(5) motions "'may look to "record evidence" and 'uncontroverted affidavits" in determining'" sufficiency of service (quoting *Chapman v. Lawson*, 89 F.Supp.3d 959, 971 (S.D. Ohio 2015)).

Rule 4(c)(1) of the Federal Rules of Civil Procedure requires the plaintiff to serve process upon a defendant. Indeed, service of process upon a defendant is a fundamental requirement in

---

[4] The Court notes that, on the same day that Mrs. Ewards filed her response in opposition, she also filed a notice of the death of Mr. Edwards and a request for accommodation and an extension of time, seeking a stay or extension of all deadlines due to the death of Mr. Edwards. *See* Docket Entry No. 70. By Order entered August 12, 2025 (Docket Entyr No. 75), the Court denied the motion, noting that Mrs. Edwards had managed to carry this case forward competently after the death of Mr. Edwards on April 15, 2025.

litigation. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). The plaintiff bears the burden to establish that service was proper. *Spencer*, 516 F. Supp. 3d at 758; *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F.App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)); *Jones v. Stover Diagnostics Lab'ys, Inc.*, No. 3:19-CV-00740, 2023 WL 163138, at *4 (M.D. Tenn. Jan. 10, 2023) (Richardson, J.).

Mrs. Edwards fails to meet her burden of showing that Defendants were properly served with process. Rule 4 sets out the specific requirements and permissible methods for serving process upon an individual such as Defendant Brown, *see* Rule 4(e), and upon a corporation such as Defendant Fresh Co. *See* Rule 4(h). Mrs. Edwards has not argued, let alone shown, compliance with these requirements.

She has also not set forth any factual or legal basis supporting a conclusion that serving Pelot with process in this case is effective service of process as to Defendants. Pelot's declaration is unrebutted. Attempting to serve process on a defendant by delivery of process to an attorney is not an acceptable means of service set out in Rule 4, and the mere fact that an attorney has represented an individual or corporation in prior litigation does not render the attorney an agent who is authorized to receive service of process on behalf the individual or corporation in a different and distinctly filed lawsuit. *See Tepe v. Whirlpool Corp.*, 2023 WL

7

6130297, at *2 (6th Cir. June 2, 2023) (finding that attempt to serve corporate defendant by sending a summons to one of the corporation's attorneys was not sufficient); *Triem v. Uniper Glob. Commodities, SE*, 2021 WL 3645094, at *3 (E.D. Ky. Aug. 17, 2021) (service of process upon attorney retained to represent defendant corporation is not effective service under Rule 4(h)); *Keyes v. Edison Banks*, 2019 WL 13242653, at *1 (E.D. Ky. Jan. 3, 2019) (service of process upon attorney who represented individual in prior state court litigation was not effective under Rule 4(e)); *United Prod. Sols., Ltd. v. Tara Toy Corp.*, 2011 WL 3566849, at *4 (N.D. Ohio Aug. 12, 2011) (service of process upon attorneys who represented defendant corporation was not effective under Rule 4(h)); *Collins v. Ohio Dep't of Job & Fam. Servs.*, 2007 WL 895067, at *3 (S.D. Ohio Mar. 22, 2007) (service of process on individual defendant's attorney was not effective absent a showing that the attorney was authorized to receive service of process on the individual's behalf).

There is nothing before the Court that shows that Defendants were properly served with process in this case in accordance with the requirements of Rule 4. Mrs. Edwards' various arguments seeking to justify or excuse the insufficient service of process upon Defendants are meritless. The Sixth Circuit has long held that actual knowledge of a lawsuit will not cure defective service of process. *Friedman*, 929 F.2d at 1156 ("we find that the district court erred in its determination that actual knowledge of the action cured a technically defective service of process."). *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004) ("Actual knowledge of a lawsuit does not substitute for proper service under Fed.R.Civ.P."); *Leisure v. Ohio*, 12 F.App'x 320, 321 (6th Cir. 2001) ("actual noticed of a lawsuit will not cure defective service of process."); *LSJ Inv. Co. v. O.L.D., Inc.,* 167 F.3d 320, 324 (6th Cir. 1999) ("actual knowledge and lack of prejudice cannot take the place of legally

sufficient service."). Likewise, an insufficient attempt at service of process is not somehow rendered effective simply because a plaintiff contends that she acted in good faith or with a reasonable belief that service was being properly made. *See Langford v. Yacob*, 2009 WL 3711571, at *5 (W.D. Mich. Nov. 4, 2009) ("an honest effort is no substitute for strict compliance with the service requirements of the Federal Rules of Civil Procedure"); *Caldwell v. City of Detroit*, 2007 WL 3104772, at *4 (E.D. Mich. Oct. 22, 2007) ("Plaintiff's 'belief' is not a substitute for proper service.").

C. Rule 4(m)

Prompt service of process upon a defendant is the norm contemplated by the Federal Rules of Civil Procedure. To that end, Rule 4(m) provides the following:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In a fairly recent decision, *Thul v. Haaland*, 2023 WL 6470733 (6th Cir. Mar. 1, 2023), (2023), the Sixth Circuit succinctly set out the parameters of what constitutes "good cause" under Rule 4(m), stating:

> We have defined "good cause" as "a reasonable, diligent effort to timely effect service of process." *Johnson v. Smith*, 835 F.App'x 114, 115 (6th Cir. 2021) (quoting *Pearison v. Pinkerton's Inc.*, 90 F.App'x 811, 813 (6th Cir. 2004)). But "lack of prejudice and actual notice are insufficient" to establish good cause, as are "mistake of counsel or ignorance of the rules." *Id*. (cleaned up). We have identified three scenarios constituting good cause under Rule 4(m): (1) when the defendant has intentionally evaded service; (2) when the district court has committed an error; and (3) when a *pro se* plaintiff suffers from a serious illness. *See Savoie v. City of East Lansing*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022). The common denominator in these situations "is that something outside the plaintiff's control prevents timely service." *Id*.

9

*Thul*, 2023 WL 6470733, at *2. Mrs. Edwards has not met any of the three scenarios identified in *Thul*. There has been no showing that Defendants intentionally evaded service or that the insufficient service was caused by an error of the Court. There has also been no showing that Mrs. Edwards suffered from a serious illness that hindered her ability to serve Defendants.

While the impact of the death of Mr. Edwards could be viewed as something similar to a serious illness for the purposes of determining if good cause exists, the Court has already found, and the record in this case demonstrates, that Mrs. Edwards continued to litigate and make filings after Mr. Edward's death without disruption. There is nothing that shows that the lack of timely service on Defendants was in any manner linked to the death of Mr. Edwards. Indeed, the record shows that, even if Rule 4(m)'s 90 day period was not triggered until the January 3, 2025, Order that directed the Clerk to send service packets to Plaintiffs, the 90 day period expired without service of process on Defendants prior to Mr. Edward's death on April 15, 2025.

In her sur-reply, Mrs. Edwards contends that Defendants themselves created confusion about the address at which to serve them because an insurance card and a vehicle registration that were provided to Plaintiffs after the accident set out different addresses for Fresh Co. Based on this, Mrs. Edwards argues that the attempt to serve process on Defendants through Pelot was reasonable. *See* Sur-reply at 2. The Court finds this argument to be entirely unpersuasive. Initially, this fact based argument has been raised for the first time in the sur-reply. There is no apparent reason why this argument could not have been presented in the response in opposition. Indeed, if confusion about mailing addresses for Defendant Fresh Co. actually was a reason for the lack of timely and sufficient service of process upon Defendants, Mrs. Edwards certainly was aware of this issue at the time of her response and should have raised in in her response. An

10

entirely new argument that could have been raised in a response but that is first raised in a sur-reply is not appropriate for consideration. *See CBS Boring & Mach. Co. v. Eisenwerk Bruhl GmbH*, 2019 WL 1455161, at *4 (E.D. Mich. Apr. 2, 2019) (parts of a sur-reply raising entirely new arguments will not be considered).

Furthermore, it escapes the Court how any alleged confusion created by these two different addresses hindered Plaintiffs' ability to timely serve sufficient process upon Defendants. First, service of process was not actually attempted at either of the addresses noted by Mrs. Edwards but was instead addressed to Pelot at his law firm's address. Second, and more importantly, Plaintiffs actually include in their complaint the registered agent for Defendant Fresh Co. and the agent's address in their listing of defendants. *See* Complaint at 4. Thus, at the time the complaint was filed, Plaintiffs knew of Defendant Fresh Co.'s registered agent.

In the end, the Court finds no factual or legal basis supporting a conclusion that there was some factor outside the control of the Plaintiffs in this case that led to the failure to properly and timely serve Defendants with process.

Even in the absence of a showing of good cause, however, the Court retains the discretion to extend the deadline to complete proper service of process. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). In exercising this discretion, district courts are to consider and balance seven factors based on the particular facts of the specific case:

(1) whether an extension of time would be well beyond the timely service of process;

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a *pro se* litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id*. at 569. After consideration of these factors, the Court finds that the request by Mrs. Edwards to not dismiss this case and to permit her additional time to re-serve process upon Defendants is not warranted and should be denied.

While the third and sixth factors weigh in favor of Mrs. Edwards, the Court finds that each of the other factors does not. As to the first factor, any extension of time to re-serve Defendants would be well beyond the 90 days permitted by Rule 4(m), which expired in early April 2025, and would permit a second attempt at service of process nearly a year after the Court's January 3, 2025, Order. As to the second factor, while the inherent prejudice in having to defend this lawsuit if re-service is permitted may not create sufficient actual prejudice to tilt this factor heavily in favor of Defendants, the particular facts underlying this case support a finding of some prejudice to Defendants if re-service is permitted. The instant lawsuit follows on the heels of Plaintiffs' unsuccessful state court lawsuit against Defendants that was based on the accident. Permitting extra time for service of process in the instant lawsuit would result in the necessity of Defendants having to defend a second lawsuit brought against them by Plaintiffs, protracting further the litigation arising from the accident.

As to the fourth factor, Mrs. Edwards has not presented to the Court any argument that she would be substantially prejudiced by the Court's refusal to extend the time to re-serve Defendants with process. As noted, Plaintiffs already sued Defendants in state court for damages arising from the accident and lost that lawsuit. Thus, the dismissal of the instant lawsuit without permitting time to re-serve Defendants would not result in Plaintiffs having been totally foreclosed from seeking a remedy against Defendants.

As to the fifth factor, as the Court, in finding that good cause does not exist, has already found that Plaintiffs were not particularly diligent or reasonable in their efforts to serve process upon Defendants. Plaintiffs initially did not return completed service packets to the Clerk within thirty days of the January 3, 2025, Order, as they were instructed to do by the Court. Plaintiffs then failed to promptly return properly completed service packets for Defendants so that summons could be issued for them, not returning the service packets until May 13, 2025, well beyond the 90 day time period for timely service of process. Further, despite having the name and address for Defendant Fresh Co.'s registered agent, Plaintiffs chose to have process issued to Pelot instead of the agent. Finally, in the face of Defendants' motion to dismiss, Mrs. Edwards did not take immediate steps to have proper service re-issued but instead filed an untimely response that did not acknowledge the insufficiency of service of process. All delays and deficiencies with respect to service of process against Defendants lay squarely at the feet of Plaintiffs' own conduct.

Finally, as to the seventh factor, the Court finds no equitable factors that favor Mrs. Edwards' request for additional time to re-serve process. In fact, the Court finds that the equities favor dismissal. The Edwards took advantage of their opportunity to seek a remedy against Defendants through litigation in state court and lost that case. As a substantive matter,

the instant lawsuit is a misguided effort to continue that unsuccessful litigation through the stance of a subsequent federal lawsuit.[5] As a procedural matter as it pertains to Defendants, Plaintiffs made significant missteps with respect to timely and properly serving process. These missteps should not be overlooked merely because sympathy for a *pro se* litigant. Permitting this lawsuit to proceed so that Defendants can be re-served would be an overall exercise in futility and a waste of the Court's limited resources.

D. Lack of Substitution for Mr. Edwards

Under Rule 25(a)(1), "[i]f [a motion for substitution] is not made within 90 days after service of a statement noting the death [of a party], the action by or against the decedent must be dismissed." Fed.R.Civ.P. 25(a)(1). More than 90 days have passed since the suggestion of the death of Mr. Edwards was filed on August 4, 2025, and no motion for substitution has been filed. Accordingly, the lawsuit as it pertains to Mr. Edwards must be dismissed.

**R E C O M E N D A T I O N**

For the reasons set out herein, the undersigned respectfully **RECOMMENDS** that:

(1) motion to dismiss (Docket Entry No. 64) filed by Defendants Fresh Co. Foods, LLC and William Brown be **GRANTED** under Rule 4(m) and Rule 12(b)(5) because of untimely and insufficient service of process;

---

[5] The Court has already dismissed all claims against the other Defendants named in this lawsuit for lack of legal merit and failure to state claims for relief. Although the merits of the claims against Defendants Brown and Fresh Co. are not directly at issue, the Court is not required to bury its head in the sand and ignore the apparent shortcomings of these claims when considering whether there are equitable factors that are relevant to the unique circumstances of this case and that impact the discretionary decision to continue this lawsuit so that Defendants can be re-served with process. Even if Defendants were properly served, each of the federal claims brought against Defendants suffer from readily apparent shortcoming that would likely lead to their dismissal, and upon the dismissal of the federal claims, the Court would likely exercise its discretion to decline supplemental jurisdiction over the remaining state law claims.

(2) the claims of Plaintiff Marshal Edwards be **DISMISSED** pursuant to Rule 25(a)(1); and,

(3) this action be **DISMISSED** in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

**Signed By:**

*J. Gregory Wehrman*
**United States Magistrate Judge**