IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARSHALL EDWARDS and ALICE EDWARDS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| WILSON COUNTY GOVERNMENT *et al.*, | ) ) ) |
| Defendants. | ) ) |

Case No. 3:24-cv-00831
Judge Aleta A. Trauger

## MEMORANDUM

The Magistrate Judge to whom this case has been referred pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1) has issued a Report and Recommendation ("R&R") (Doc. No. 88), recommending that the Motion to Dismiss for Insufficient Service and Lack of Personal Jurisdiction (Doc. No. 64), filed by defendants Fresh Co. Foods, LLC ("Fresh Co.") and William Brown, be granted and that this case be dismissed under Rule 4(m) and Rule 12(b)(5) because of untimely and insufficient service of process. The R&R also recommends that the claims of plaintiff Marshall Edwards, who died in April 2025 and for whom no substitution has been made, be dismissed under Rule 25(a)(1) and that the case be dismissed in its entirety, as all claims against all other defendants have already been dismissed. (*See* Doc. No. 88 at 15.) Plaintiff Alice Edwards has filed Objections to the R&R (Doc. No. 89), and the moving defendants have filed a Response (Doc. No. 90).

For the reasons set forth herein, the Objections will be overruled; the R&R will be accepted; the claims against the remaining defendants will be dismissed without prejudice; and this case will be dismissed.

## I. LEGAL STANDARDS

Federal Rule of Civil Procedure 72 provides that, within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not

entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

II.     **BACKGROUND**

Plaintiffs Marshall Edwards and Alice Edwards, a husband and wife residing in Atlanta, Georgia, filed this lawsuit *pro se* and *in forma pauperis* on July 9, 2024. (Compl., Doc. No. 1.) Alice Edwards provided notice of the death of Marshall Edwards in August 2025 but has never moved to substitute a successor or representative for Mr. Edwards. Ms. Edwards has proceeded to pursue litigation both on her own behalf and on behalf of her deceased husband, which she cannot do. The court, therefore, primarily refers to Alice Edwards, in the singular, as the plaintiff.

Ms. Edwards filed cursory Objections to the R&R, in which she states that she "does not object to the general legal standards set forth in the R&R concerning the requirements of Federal Rule of Civil Procedure 4." (Doc. No. 89 at 1.) Instead, she argues very generally that her objections are "limited solely to the R&R's treatment of Plaintiff's service efforts and the equitable discretion available to the Court under Federal Rule of Civil Procedure 4(m)." (*Id.*) Her only response to the R&R's recommended dismissal of the claims brought by plaintiff Marshall Edwards appears in a footnote, where she states,

> For clarity of record, Plaintiffs respectfully note that Marshall Edwards actively led this matter prior to his passing. At the time, the full extent of his medical condition was not known to family members. Following his death, Plaintiff Alice Edwards necessarily assumed responsibility for the litigation. This clarification is provided solely to ensure the procedural history is accurately reflected.

(*Id.* at 1 n.1.)[1]

---

[1] According to the defendants, Mr. Edwards died in April 2025, several months before Ms. Edwards filed the Notice of Death. (*See* Doc. No. 74 at 2.)

Regarding her good faith efforts to effect service of process, the plaintiff argues that the R&R "does not fully account for Plaintiffs' diligence and documented good-faith efforts reflected in the record" to serve defendants Fresh Co. and Brown. (*Id.* at 2.) She notes that these efforts included an attempt to serve the remaining defendants at "addresses derived from official sources, including vehicle registration and insurance documentation," but those mailings were "returned by the United States Postal Service as 'Not Deliverable as Addressed / Unable to Forward.'" (*Id.*)

The plaintiff also insists that the court has "discretionary authority" under Rule 4(m) to extend the deadline for effecting service "where justice so requires." (*Id.* (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).) She asserts that her "reasonable, documented efforts to effect service" warrant, in the exercise of the court's discretion, "an opportunity to cure the technical defect." (*Id.*)

### III. DISCUSSION

The R&R sets forth in some detail the factual background of this case, which is not relevant for purposes of the present motion, and the procedural history leading to the presently pending motion. This lawsuit was filed in July 2024. By Order entered on January 3, 2025, the plaintiffs were ordered to complete service packets for Fresh Co. and Brown (mailed to them by the Clerk's Office on January 3, 2025) and to return them to the Clerk's Office within thirty days so that process could issue. The plaintiffs did not comply promptly with this directive, and summonses were not issued for Fresh Co. and Brown until May 13, 2025. (*See* Doc. No. 55 at 1–2 and 5–6.) Even then, although Fresh Co.'s agent for service of process was identified in the Complaint, the plaintiff requested that process be served on an attorney at a law firm located in Knoxville, Tennessee. (*See id.*) Pursuant to that request, summonses and copies of the Complaint were delivered to the law firm and accepted by "Liz Johnson" on June 4, 2025. (Doc. Nos. 58, 60.) Shortly thereafter, the defendants filed their Motion to Dismiss for Insufficient Service,

affirmatively stating that the attorney upon whom the plaintiff had attempted to effect service of process previously represented Fresh Co. and Brown in another lawsuit filed against the same defendants by the Edwards but had never been appointed as an agent authorized to accept service of process on behalf of Fresh Co. or Brown. (Doc. No. 65 at 3 (citing Doc. No. 64-1, Pelot Decl. ¶¶ 1–8).)

Instead of attempting at that time to correctly serve process on the defendants, the plaintiff responded to the Motion to Dismiss by arguing that service of process was "reasonably attempted and notice was effective." (Doc. No. 71 at 1.) Alternatively, she requested an opportunity to attempt to "re-serve Defendants, if necessary, under Rule 4." (*Id.* at 3.)

The Magistrate Judge considered the plaintiff's Response, although it was untimely, but found that service had not been properly effected, that the plaintiff had not demonstrated "good cause" for the failure to effect timely service under Rule 4(m) of the Federal Rules of Civil Procedure, and, therefore, that extension of the time for service under Rule 4(m) was unwarranted. The Magistrate Judge exhaustively considered all of the plaintiff's arguments but found that they failed to establish that "something outside the plaintiff's control prevent[ed] timely service." (Doc. No. 88 at 9 (quoting *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *2 (6th Cir. Mar. 1, 2023)).) The Magistrate Judge also recognized that, notwithstanding the absence of good cause, the court still has discretion to extend the deadline for completing proper service of process, and he articulated the seven factors established by the Sixth Circuit to guide the exercise of this discretion. (*See id.* at 11 (citing *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022)).) After considering each of these factors, the Magistrate Judge concluded that they did not weigh in favor of permitting an extension of the service deadline in this case.

In particular, the Magistrate Judge concluded that only two of the seven factors weighed in favor of the plaintiff—that the defendants had actual notice of the lawsuit and that the plaintiff is a *pro se* litigant. (*Id.* at 12.) However, the other factors—including the length of the delay, prejudice to the defendants, potential prejudice to the plaintiff, the plaintiff's good faith efforts, and the existence of other equitable factors—did not. (*Id.* at 12–14.) The Magistrate Judge observed, in particular, that this lawsuit is the fourth lawsuit the Edwards have filed based on the same 2022 traffic accident, and he characterized the present suit as a "misguided effort to continue that unsuccessful litigation through the stance of a subsequent federal lawsuit." (*Id.* at 3 n.3, 14.) He further found that "[p]ermitting this lawsuit to proceed so that Defendants can be re-served would be an overall exercise in futility and a waste of the Court's limited resources." (*Id.* at 14.) Consequently, the R&R recommends that the Motion to Dismiss for Insufficient Process be granted and that the plaintiff's request for an extension of the deadline be denied.

Ms. Edwards, in her Objections, makes no effort to point to any specific portion of the R&R to which she objects or to show that the Magistrate Judge erred as a matter of law. The court has nonetheless reviewed the record *de novo* and finds that the Magistrate Judge correctly concluded that service of process had never been effected on Fresh Co. and Brown; the plaintiff has not shown good cause for the failure to effect timely service of process; and the factors for extending the service deadline, even in the absence of a showing of good cause, do not weigh in favor of extending the service deadline. In addition, it is clear that Ms. Edwards, a *pro se* litigant who is not an attorney, may not pursue claims on behalf of her deceased husband and has not timely sought a substitution for him in this case, so Mr. Edwards' claims must be dismissed under Rule 25(a)(1).

## IV. CONCLUSION

Accordingly, for the reasons set forth herein, the plaintiff's Objections (Doc. No. 89) will be overruled, and the R&R (Doc. No. 88) will be accepted in its entirety. Fresh Co. and Brown's Motion to Dismiss for Insufficient Service of Process (Doc. No. 64) will be granted, and plaintiff Alice Edwards' claims against these defendants will be dismissed without prejudice. The court will dismiss *sua sponte* the claims brought by plaintiff Marshall Edwards under Federal Rule of Civil Procedure 25(a)(1),

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge